WALLACE, JUDGE:
These three cases, arising out of the same event, were consolidated pursuant to the agreement of the parties' counsel. The claims arise out of an automobile accident which took place on September 21, 1979 on U. S. Route 250 near Glovers Gap, Marion County, West Virginia. Claimant Dale Mays alleges he was injured in the accident. Claimant Maynard Knotts seeks damages for the destruction of his vehicle and for the death of his spouse, Wanda Jean Knotts, the driver of the vehicle. Toni Gianfrancesco's minor child, Duane Gianfrancesco, another passenger in the vehicle, was also killed.
It is alleged that the respondent failed to repair certain potholes, failed to post adequate warning signs) and failed to maintain a guardrail at the scene of the accident. The accident occurred on September 21, 1979 at approximately 10:15 p.m. Wanda Jean Knotts was driving her husband's 1971 Oldsmobile in a southerly direction on U.S. Route 250. The passengers in the car were claimant Dale F. Mays, Duane Gianfranceso, and another minor, Daniel Smith. The vehicle approached *78 a curve, went off the road, and landed upside down some distance from the roadway. Claimants assert that respondent's negligence, with respect to potholes, the guardrail, and the absence of a warning sign, was the proximate cause of the accident.
The action was bifurcated by leave of Court. A hearing on the issue of liability was held on January 13, 1986. Claimants presented evidence which was limited entirely to establishing the existence of the "defective" road conditions alleged.
Claimants established that there was no warning sign at the approach to the curve and that some of the posts on the guardrail showed signs of rotting. There was conflicting evidence as to the existence, size, and location of the alleged potholes.
It is not necessary in this case for the Court to make a finding with respect to the alleged road conditions, because claimants failed to produce a scintilla of evidence on the issue of proximate cause. Proximate cause is a vital and essential element of a claimant's case, and the claimant has the burden of proving it to justify recovery in any action based on negligence.
Claimants have not established that the alleged road conditions were causally related to the car's leaving the highway. The mere existence of the alleged road conditions, if proven, does not give rise to a presumption of liability, and claimant's are required to demonstrate that "but for" the conditions the accident would not have occurred.
In the present case, claimant did not treat the issue of causation. Respondent, on the other hand, suggested two theories of causation: mechanical defect in the automobile and physical defect of the driver. Moreover, the record indicates that it was raining on the night of the accident and the roads were wet. Under the circumstances, the Court is unable to infer, to the exclusion of all other reasonable inferences, that the alleged road conditions were in any wise the cause of the accident on which the claims are predicated.
Situations may arise where negligence, on the part of the respondent to eliminate unusual hazards existing over a period of years and causing injury and damages to persons and vehicles lawfully using said highway, presents a moral obligation for which a claim should be allowed. Spradling vs. State Road Commission, 5 W.Va. Ct.Cl. 77 (1949). However, the claimants herein have not established that the alleged road conditions were unusually hazardous so as to warrant a finding that the State was under a duty to post a warning sign or maintain a guardrail.
Generally, the State is under no such duty, since the posting of road markers and the erection of guardrails is discretionary. Cooper vs. Department of Highways, 8 W.Va. Ct.Cl. 178 (1970); Chartrand vs. State Road Commission, 5 W.Va. Ct.Cl. 98 (1950).
Claimants have not established that respondent was under a duty to erect a warning sign or maintain a guardrail at the scene of the accident. They have not established a breach of duty with respect to the potholes since the existence, size, and duration of the alleged potholes is unclear. They have not established causation with respect *79 to any of the three alleged road conditions.
Accordingly, no liability on the part of the respondent being found, the Court is of the opinion to and does disallow the claims.
Claims disallowed.